BLD-272

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1096
_____

STATE OF NEW JERSEY

v.

BRUCE ARISTEO,
                                Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-14-cv-07911)
District Judge:  Honorable Renée M. Bumb

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 16, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: July 20, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Bruce Aristeo, proceeding pro se, appeals from an order of the District Court remanding his case to a New Jersey state court. We will summarily affirm.

Aristeo filed a notice in the District Court seeking to remove, pursuant to 28 U.S.C. §§ 1331 and 1443, a criminal action pending against him in the Superior Court of New Jersey, Camden County. He also sought other relief, including a stay of the criminal proceedings and dismissal of the indictment. The District Court remanded the matter to state court, concluding that Aristeo had made no allegations that would permit removal under the statutes pertaining to removal of criminal prosecutions, i.e., 28 U.S.C. §§ 1442, 1442a, and 1443. This appeal followed.

Cases removed pursuant to § 1442 or § 1443 are excepted from the general rule that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal." 28 U.S.C. § 1447(d). We thus have jurisdiction to determine whether remand was proper to the extent removal was sought under § 1443, which is the only issue presented by this appeal.[1] See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). We exercise plenary review over the underlying basis for remand to the extent it involves a legal question. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000).

At issue is the first subsection of § 1443, which authorizes removal of a state law

---

[1] Aristeo did not purport to remove this action under § 1442, and he has not challenged the District Court's conclusion that § 1442 is not applicable in his case (as it plainly is not). Insofar as he argues that 28 U.S.C. § 2283 supports removal, we note that the District Court did not address that issue in its remand order, most likely because § 2283 does not concern removal, but rather stays of state court proceedings.

2

action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[2] For this provision to apply, "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis, 107 F.3d at 1047 (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)). Under the first prong of the test, the civil rights at issue must involve matters of racial equality. Id. Under the second prong, removal is proper only where a defendant's federal civil rights "'will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" Id. at 1049 (quoting Greenwood, 384 U.S. at 828).

As the District Court properly determined, Aristeo has shown no basis for removal under § 1443. He did not allege that his civil rights were being denied on the basis of race, but rather that his prosecution for stalking via website postings violated his First Amendment right to freedom of speech. Aristeo's ancillary allegations that the state statute is void for vagueness and that his property was seized without a warrant similarly do not implicate a deprivation of civil rights based on race. On appeal, Aristeo concedes "the lack of racial discrimination facts in this case." Instead, he argues that the plain

---

[2] Aristeo has not alleged in the District Court, or argued on appeal, anything that might permit removal under the second subsection of § 1443, which generally concerns the execution of certain duties by federal officers. See 28 U.S.C. § 1443(2); Greenwood

language of § 1443 makes it applicable regardless of race and that the United States Supreme Court incorrectly interpreted the statute to require a race-based deprivation of civil rights in <u>Georgia v. Rachel</u>. This argument, which asks us to ignore almost 50-year-old Supreme Court precedent, is simply frivolous.

Accordingly, we will summarily affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. In light of this disposition, we deny Aristeo's request for an "en banc determination."

---

v. <u>Peacock</u>, 384 U.S. 808, 824 (1966).